# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 15-1590V
(not to be published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

SANDRA CRAIG, *as Personal Representative of The Estate of* MELVIN CRAIG,

           Petitioner,

           v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

           Respondent.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Special Master Corcoran

Filed: November 20, 2018

Decision by Stipulation; Damages; Influenza ("Flu") Vaccine; Transverse Myelitis ("TM"); Death.

*Franklin John Caldwell, Jr.*, Maglio, Christopher & Toale, Sarasota, FL, for Petitioner.

*Robert P. Coleman*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On December 30, 2015, Melvin Craig filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Sandra Craig appeared later in the action as personal representative of Mr. Craig's estate after Mr. Craig's death. Petitioner alleges that Mr. Craig developed transverse myelitis ("TM"), and subsequently died, as a result of

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act").

receiving his October 17, 2014 influenza ("flu") vaccine. Petitioner further alleges that Mr. Craig experienced the residual effects of this condition for more than six months.

Respondent denies that the flu vaccine caused Mr. Craig's TM (and resulting death), or any other injury. Nonetheless both parties, while maintaining their above-stated positions, agreed in a stipulation (filed on November 20, 2018) that the issues before them could be settled, and that a decision should be entered awarding Petitioner compensation.

I have reviewed the file, and based upon that review, I conclude that the parties' stipulation (as attached hereto) is reasonable. I therefore adopt it as my decision in awarding damages on the terms set forth therein.

The stipulation awards:

- A lump sum of $300,000.00, in the form of a check payable to Petitioner.

Stipulation ¶ 8. This amount represents compensation for all damages that would be available under Section 15(a) of the Act.

I approve a Vaccine Program award in the requested amount set forth above to be made to Petitioner. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the Court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| SANDRA CRAIG, as Personal Representative of the Estate of MELVIN CRAIG,<br><br>Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | No. 15-1590V (ECF)<br>Special Master Corcoran |

## STIPULATION

The parties hereby stipulate to the following matters:

1. On December 30, 2015, Melvin Craig filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). While the petition was pending, Melvin Craig died, and Sandra Craig, as Personal Representative of the Estate of Melvin Craig, replaced him as petitioner.[1] Petitioner seeks compensation for injuries and death[2] allegedly related to Mr. Craig's receipt of the influenza vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. Mr. Craig received the influenza vaccine on or about October 17, 2014.

---

[1] By Order dated July 19, 2016, the Special Master granted petitioner's motion to substitute Sandra Craig as petitioner herein.

[2] Although the petition has not been formally amended to include a death claim, petitioner has filed a "Suggestion of Death" document, along with Mr. Craig's death certificate, indicating that Mr. Craig died from TM. Petitioner has also indicated that if the case were to proceed, she would pursue a death claim in addition to the injury claim.

3. The vaccine was administered within the United States.

4. Petitioner alleges that as a result of receiving the influenza vaccine, Mr. Craig suffered from transverse myelitis ("TM"). Petitioner further alleges that Mr. Craig's death was a sequela of his TM.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on behalf of Mr. Craig as a result of his condition and/or his death.

6. Respondent denies that Mr. Craig suffered any injury as a result of the influenza vaccine administered on or about October 17, 2014, and denies that Mr. Craig's death was a sequela of his allegedly vaccine-related TM.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), respondent will issue the following vaccine compensation payment:

> A lump sum of $300,000.00 in the form of a check payable to petitioner as Legal Representative of the Estate of Melvin Craig. This amount represents compensation for all remaining damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the Special Master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et. Seq.)), or entities that provide health services on a pre-paid basis.

11. Payments made pursuant to paragraph 8 of this Stipulation, and any amount awarded pursuant to paragraph 9, will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. Petitioner represents that she presently is, or within 90 days of the date of judgment will become, duly authorized to serve as the legal representative of the Estate of Mr. Craig under the laws of the State of North Carolina. No payment pursuant to this Stipulation shall be made until petitioner provides respondent with documentation establishing her appointment as legal representative of the Estate of Mr. Craig. If petitioner is not authorized by a court of competent jurisdiction to serve as the legal representative of the Estate of Mr. Craig at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as the legal representative of the Estate of Mr. Craig upon submission of written documentation of such appointment to respondent.

13. In return for the payment described in paragraph 8, and any amount awarded pursuant to paragraph 9, petitioner, in her individual capacity and as the legal representative of the Estate of Mr. Craig, on her own behalf, and on behalf of the Estate of Mr. Craig, and Mr. Craig's heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and respondent from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services,

expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of Mr. Craig resulting from, or alleged to have resulted from, the vaccination administered on or about October 17, 2014, as alleged by petitioner in a petition for vaccine compensation filed on or about December 30, 2015, in the United States Court of Federal Claims as petition No. 15-1590V.

14. If the Special Master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

15. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability or amount of damages, and further, that a change in the items of compensation sought is not grounds to modify or revise this agreement.

16. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the influenza vaccination caused Mr. Craig's alleged TM or any other injury or his death.

4

17. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns as legal representatives of the Estate of Mr. Craig.

END OF STIPULATION

Respectfully submitted,

PETITIONER:

*Sandra Craig*
SANDRA CRAIG

ATTORNEY OF RECORD FOR PETITIONER:

*/s/ F. John Caldwell, Jr.*
F. JOHN CALDWELL, JR.
Maglio Christopher & Toale, PA
1605 Main Street
Suite 710
Sarasota, FL 34236
(941) 952-5242

AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:

*/s/ Catharine E. Reeves*
CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:

*Ward Sorensen for*
NARAYAN NAIR, M.D.
Director, Division of Vaccine
Injury Compensation (DVIC)
Healthcare Systems Bureau, U.S. Department
Of Health and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

ATTORNEY OF RECORD FOR RESPONDENT:

*/s/ Robert P. Coleman III*
ROBERT P. COLEMAN III
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 305-0274

Dated: November 20, 2018