# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 15-1590V
### (not to be published)

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * | | Special Master Corcoran |
| SANDRA CRAIG, *<br>*as Personal Representative of the Estate of* *<br>MELVIN CRAIG, *<br>*<br>                    Petitioner, *<br>*<br>           v. *<br>*<br>SECRETARY OF HEALTH *<br>AND HUMAN SERVICES, *<br>*<br>                    Respondent. *<br>* | | Filed: January 11, 2019<br><br>Decision; Final Fees and Costs. |
| * * * * * * * * * * * * * * * * * * * * * * * * | | |

*Franklin J. Caldwell, Jr.,* Maglio Christopher and Toale, PA, Sarasota, FL, for Petitioner.

*Robert P. Coleman,* U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION GRANTING AWARD OF ATTORNEY'S FEES AND COSTS[1]

On December 30, 2015, Melvin Craig filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Sandra Craig appeared later in the action as personal representative of Mr. Craig's estate after Mr. Craig's death. Petitioner alleged that Mr. Craig suffered from transverse myelitis ("TM"), and subsequently died, as a result of receiving his influenza vaccine on October 17, 2014. The parties ultimately agreed that the

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

issues before them could be informally resolved and submitted a stipulation for damages on November 20, 2018 (ECF No. 45), which I adopted by decision that same day (ECF No. 46).

Petitioner has now filed a motion requesting final attorney's fees and costs. *See* Motion for Attorney's Fees, dated Dec. 20, 2018 (ECF No. 50) ("Fees App."). Petitioner requests reimbursement of attorney's fees and costs in the total amount of $80,232.48 (representing $62,859.10 in attorney's fees, plus $17,373.38 in costs). *Id.* at 2-3. In accordance with General Order No. 9, Petitioner indicated that she incurred no personal expenses related to the matter. Ex. 57 at 1. Respondent filed a document reacting to the fees request on December 21, 2018, stating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring to my discretion the determination of the amount to be awarded. ECF No. 51 at 2-3. Petitioner filed a reply on December 26, 2018, labeling Respondent's response (recommending that I exercise my discretion in determining a fee award) as "overly burdensome" and prejudicial to Petitioner. *See* Reply, filed Dec. 26, 2018 (ECF No. 52) at 2-3. Petitioner thus asserted that Respondent's response should be interpreted as an "unopposed" response, giving me the authority to grant the fee award "without further analysis." *Id.* at 2.

Vaccine Program attorneys are entitled to a fees award in successful cases. Determining the appropriate <u>amount</u> of that award is a two-part process. The first part involves application of the lodestar method – "multiplying the number of hours reasonably expended[3] on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347-48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Avera*, 515 F.3d at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429-37 (1983).

---

[3] An attorney's reasonable hourly rate is more precisely understood to be the "prevailing market rate" in the relevant forum. *Avera*, 515 F.3d at 1349; *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *2 (Fed. Cl. Spec. Mstr. July 27, 2009), *mot. for rev. denied*, 91 Fed. Cl. 453 (2010), *aff'd*, 632 F.3d 1381 (Fed. Cir. 2011). That rate is in turn determined by the "forum rule," which bases the award rate on rates paid to similarly qualified attorneys in the forum where the relevant court sits (Washington, D.C., for Vaccine Program cases). *Avera*, 515 F.3d at 1348. After the hourly rate is determined, the reasonableness of the total hours expended must be considered. *Sabella*, 86 Fed. Cl. at 205-06. This reasonableness inquiry involves consideration of the work performed on the matter, the skill and experience of the attorneys involved, and whether any waste or duplication of effort is evident. *Hensley*, 461 U.S. at 434, 437.

In some cases, determining the proper hourly rate for a particular attorney requires consideration of whether there is a significant disparity between the forum rate applicable to the Vaccine Program generally and the geographic forum in which the attorney practices, in order to adjust the rate used for the lodestar calculation. *Avera*, 515 F.3d at 1349, (citing *Davis County Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

Petitioner asks that her counsel, Mr. Franklin J. Caldwell, and his paralegals be reimbursed at varying rates for work performed from 2015-2018. Petitioner requests $300 per hour for Mr. Caldwell's work in 2015, with increases to $356 per hour in 2016, $367 per hour in 2017, and $385 per hour in 2018. Ex. 55 at 20. For the work of attorney Diana Stadelnikas, Petitioner requests $300 per hour for work completed in 2014. *Id.* Petitioner also requests compensation for the work of several different paralegals for work completed in 2014-2018, with per-hour rates ranging from $135-148. *Id.* Finally, for the work of one law clerk in 2015, Petitioner requests $150 per hour. *Id.*

In my past decisions, I have determined that Maglio Firm attorneys like Mr. Caldwell are entitled to forum rates. *See, e.g.*, *Dezern v. Sec'y of Health & Human Servs.,* No. 13-643, 2016 WL 6678496 (Fed. Cl. Spec. Mstr. Oct. 14, 2016). This determination is also consistent with decisions issued by other special masters. *See, e.g.*, *O'Neil v. Sec'y of Heath & Human Servs.*, No. 08-243V, 2015 WL 2399211 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). The hourly rates requested herein by Mr. Caldwell, Ms. Stadelnikas, and Maglio Firm paralegals are also consistent with my prior decisions and those awarded by other special masters, as well as the forum rates set by the Office of Special Masters,[4] and I will likewise award them. *See, e.g.*, *Roetto v. Sec'y of Health & Human Servs.*, No. 16-018V, 2018 WL 3031026, at *1 (Fed. Cl. Spec. Mstr. Mar. 29, 2018); *Williams v. Sec'y of Health & Human Servs.*, No. 14-1209V, 2017 WL 2927308, at *1 (Fed. Cl. Spec. Mstr. June 5, 2017); *Bell-O'Neal v. Sec'y of Health & Human Servs.*, No. 13-835V, 2017 WL 1739206, at *1 (Fed. Cl. Spec. Mstr. Apr. 4, 2017); *Dezern*, 2016 WL 6678496, at *7-8; *see also Ritchie v. Sec'y of Health & Human Servs.*, No. 16-514V, 2018 WL 2224203, at *2 (Fed. Cl. Spec. Mstr. Mar. 23, 2018) (awarding the relevant paralegal rates).

In addition, the majority of the hours expended on this matter by counsel appear to be reasonable for a case that lasted over three years and resulted in a successful settlement. This case has also proceeded in a timely fashion, and Petitioner's counsel efficiently used his time to resolve the case. I do not find any particular billing entries to be objectionable, nor has Respondent identified any as such. Therefore, the requested hours will be reimbursed in full.

Petitioner also requests that counsel be reimbursed for $17,373.38 in costs. Ex. 56 at 1-2. The bulk of the amount ($15,250.00) is requested for an expert review by Dr. Kazim Sheikh for 30.5 hours of work at rate of $500 per hour. *Id.* at 2, 28-29. The remainder represents ordinary Vaccine Program litigation costs (including the filing fee, medical records requests, postage costs, and travel expenses). *Id.* at 1-2.

---

[4] *See* Office of Special Masters Attorneys' Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last accessed on Jan. 11, 2019).

3

Upon my review of the billing record, the costs expended on this matter by counsel appear to be reasonable, and Respondent did not identify any entries as objectionable. Dr. Sheikh's rate is also consistent with that awarded to him in my past decisions. *See, e.g.*, *Robinson v. Sec'y of Health & Human Servs.*, No. 15-967V, 2018 WL 5629850, at *3 (Fed. Cl. Spec. Mstr. Sept. 12, 2018). I find the hours billed by Dr. Sheikh to be reasonable as well. Thus, the requested litigation costs will be awarded in full.

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of a fees awards, and based on the foregoing, I hereby **GRANT** Petitioner's Motion for Final Attorney's Fees and Costs, and award a total of **$80,232.48**, in the form of a check jointly payable to Petitioner and Petitioner's counsel, Mr. Franklin Caldwell, Esq. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court SHALL ENTER JUDGMENT in accordance with the terms of this decision.[5]

**IT IS SO ORDERED.**

                                                               s/ Brian H. Corcoran
                                                               Brian H. Corcoran
                                                               Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.